UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SOMMER, an individual,<br><br>         Plaintiff,<br><br>v.<br><br>GENERAL MOTORS, LLC, a Delaware limited liability company; CITY CHEVROLET OF SAN DIEGO, a California corporation; and DOES 1 THROUGH 10,<br><br>        Defendants. | Case No.:  20-cv-2161-GPC-KSC<br><br>**ORDER:**<br><br>**(1) DISMISSING THE SECOND CAUSE OF ACTION; AND**<br><br>**(2) DISMISSING THE SEVENTH CAUSE OF ACTION AND STRIKING PUNITIVE DAMAGES**<br><br>**[ECF Nos. 5, 6, 10, 11]** |

Before this Court are Motions to Dismiss the Second and Seventh Causes of Action in Plaintiff's First Amended Complaint ("FAC"), and Motions to Strike Punitive Damages from the FAC, filed by Defendant General Motors, LLC ("GM") and Defendant City Chevrolet of San Diego ("Chevrolet").  Based on the FAC, the moving papers, and applicable law, the Court **DISMISSES** the Second Cause of Action **WITHOUT PREJUDICE** and Seventh Cause of Action **WITH PREJUDICE**, and **STRIKES** Plaintiff's request for punitive damages.  Plaintiff may amend the complaint.

1

## BACKGROUND

This case concerns an alleged defect of a motor vehicle that Plaintiff purchased in May 2012.  On November 11, 2020, Plaintiff filed the FAC.  The FAC generally alleges: (1) violations of various warranties (both implied and express); (2) failures to repair, replace, and/or make restitution; (3) conversion; and (4) negligence.  ECF No. 3.  One of the forms of relief sought is punitive damages based on Plaintiff's claim of conversion. *Id.* at 12, 14.

On December 16, 2020, GM filed a Motion to Dismiss the Second and Seventh Causes of Action ("1st MTD"), and a Motion to Strike Punitive Damages from the FAC ("1st MTS").  ECF Nos. 5, 6.  Plaintiff filed Oppositions to both Motions on December 29, 2020.  ECF Nos. 8, 9.  On January 6, 2021, GM filed its respective Replies.  ECF Nos. 13, 14.

On January 4, 2021, Chevrolet filed a Motion to Dismiss the Seventh Cause of Action ("2d MTD"), and a Motion to Strike Punitive Damages from the FAC ("2d MTS").  ECF Nos. 13, 14.  On January 26, 2021, Plaintiff filed Statements of Non-Opposition to Chevrolet's Motions.  ECF Nos. 15, 16.

## SECOND CAUSE OF ACTION

GM moved to dismiss the FAC's Second Cause of Action pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  1st MTD 5, ECF No. 5; Reply 1st MTD 2–3, ECF No. 13.  The Second Cause of Action alleges that Defendants breached the implied warranty of fitness, specifically the "implied warranty that the Subject Vehicle would be fit for Plaintiff's particular purpose."  FAC 6–7, ECF No. 3.  Because the FAC does not allege sufficient facts to establish the requirements for a valid claim for a breach of implied warranty of fitness, the Court **GRANTS** GM's Motion to Dismiss the Second Cause of Action.  At the same time, since Plaintiff could potentially cure the defects, the Court also **GRANTS** Plaintiff leave to amend the complaint.

1    A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, i.e.

2 whether the complaint lacks either a cognizable legal theory or facts sufficient to support

3 such a theory.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citations omitted).

4 For a complaint to survive a Rule 12(b)(6) motion to dismiss, it must contain "sufficient

5 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

6 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

7 U.S. 544, 570 (2007).  In reviewing the motion, the Court "must accept as true all of the

8 allegations contained in a complaint," but it need not accept legal conclusions.

9 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

10 statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).

11    The Court agrees with GM that the Second Cause of Action, breach of the implied

12 warranty of fitness, fails to meet the standard to survive the Motion to Dismiss pursuant

13 to Rule 12(b)(6).  For a valid implied warranty of fitness claim under California law,

14 Plaintiff must establish the following:

15
16    (1) the purchaser at the time of contracting intends to use the goods for a
     particular purpose, (2) the seller at the time of contracting has reason to
17    know of this particular purpose, (3) the buyer relies on the seller's skill or
     judgment to select or furnish goods suitable for the particular purpose, and
18    (4) the seller at the time of contracting has reason to know that the buyer is
     relying on such skill and judgment.
19

20 *Keith v. Buchanan*, 173 Cal. App. 3d 13, 25 (1985) (citing *Metowski v. Traid Corp.*, 28

21 Cal. App. 3d 332, 341 (1972)); *accord T & M Solar & Air Conditioning, Inc. v. Lennox*

22 *Int'l Inc.*, 83 F. Supp. 3d 855, 877 (N.D. Cal. 2015); *cf. S. California Stroke Rehab.*

23 *Assocs., Inc., v. Nautilus, Inc.*, 782 F. Supp. 2d 1096, 1112 (S.D. Cal. 2011) (adding the

24 fifth element of "the product failed to suit buyer's purpose and subsequently damaged the

25 buyer").  *See generally* Cal. Bus. Law Deskbook § 9:4 (discussing the four previously

26 mentioned elements); Judicial Council of California Civil Jury Instruction 1232

27

3

28

1  (discussing the similar "Essential Factual Elements" for "Implied Warranty of Fitness for

2  a Particular Purpose").

3       The FAC lacks factual descriptions that correspond to any of the above elements, a

4  requirement for a legitimate implied warranty of fitness claim.  In fact, Plaintiff alleges

5  that he purchased the vehicle "primarily for personal, family, or household purposes."

6  FAC ¶ 12, ECF No. 3.  For the purposes of an implied warranty of fitness, a "particular

7  purpose" means "a specific use by the buyer which is peculiar to the nature of his

8  business."  *T & M Solar*, 83 F. Supp. 3d at 877 (quoting *Am. Suzuki Motor Corp. v. Sup.*

9  *Ct.*, 37 Cal. App. 4th 1291, 1295 n.2 (1995)).  The vehicle's "purpose of providing

10  transportation" is not considered a particular purpose.  *Am. Suzuki*, Cal. App. 4th at 1295

11  n.2.

12       Plaintiff's Opposition fails to address the specific requirements to establish an

13  implied warranty of fitness.  Plaintiff's attempt to distinguish *T & M Solar* does not guide

14  the Court, as the legal standard provided by that case (for an implied warranty of fitness)

15  still stands.  Plaintiff refers to California Civil Code Section 1794(a), but this provision

16  only discusses the ability to bring an action for breach of "any obligation under this

17  chapter or under an implied or express warranty or service contract."  Plaintiff has failed

18  to plead adequate facts that Defendants breached the implied warranty of fitness, i.e. one

19  of the bases to seek action pursuant to Section 1794(a).

20       Plaintiff presents an alternative standard and cites to *Gutierrez v. Carmax Auto*

21  *Superstores California*, 19 Cal. App. 5th 1234, 1246 (2018), *as modified on denial of*

22  *reh'g* (Feb. 22, 2018).  This case discusses the implied warranty of *merchantability*,

23  which is Plaintiff's First Cause of Action.  *Id.* ("Here the alleged wrongdoing is a breach

24  of the implied warranty of merchantability imposed by the Song-Beverly Consumer

25  Warranty Act . . . .").  The implied warranty of merchantability is a different basis of

26  liability from the implied warranty of fitness.  *See Am. Suzuki Motor Corp. v. Sup. Ct.*, 37

27

28

1  Cal. App. 4th 1291, 1295 n.2 (1995) (discussing how "ordinary purposes" go to "the

2  concept of merchantability").

3       Plaintiff also requested a leave to amend. "Courts are free to grant a party leave to

4  amend whenever 'justice so requires,' Fed. R. Civ. P. 15(a)(2), and requests for leave

5  should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962,

6  972 (9th Cir. 2009) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712

7  (9th Cir. 2001)). Dismissal without leave to amend is proper only if it is clear that an

8  amendment can save the complaint. *Id.* (citation omitted). Since an amendment could

9  potentially cure the defects raised by this Order,[1] leave to amend is appropriate.

10  **SEVENTH CAUSE OF ACTION AND PUNITIVE DAMAGES**

11       Defendants have also moved to dismiss the Seventh Cause of Action in the FAC,

12  which alleges conversion. Relatedly, Defendants have moved to strike the FAC's

13  requested relief of punitive damages, in which the only basis for such relief is grounded

14  in conversion. 1st MTD, ECF No. 5; 1st MTS, ECF No. 6; 2d MTD, ECF No. 13; 2d

15  MTS, ECF No. 14. While Plaintiff initially contested GM's Motions on this issue, *see*

16  Opp'n 1st MTD 3–6, ECF No. 8; Opp'n 1st MTS, ECF No. 9, the recently filed

17  Statements of Non-Opposition indicate that such is no longer the case. ECF Nos. 15, 16.

18  With all parties in agreement, the Court **DISMISSES WITH PREJUDICE** the Seventh

19  Cause of Action in the FAC, and **STRIKES** Plaintiff's request for punitive damages.

20  **CONCLUSION**

21       For the reasons discussed above, **IT IS ORDERED** that the Court **DISMISSES**

22  **WITHOUT PREJUDICE** the Second Cause of Action, and **DISMISSES WITH**

23

24  _____

25  [1] For example, the FAC states that the purchased vehicle was "*primarily* for personal,

26  family, or household purposes," FAC ¶ 12, ECF No. 3 (emphasis added), which could
mean that other purposes exist.

27

28  20-cv-2161-GPC-KSC

1  **PREJUDICE** the Seventh Cause of Action.  **IT IS FURTHER ORDERED** that the

2  Court **STRIKES** Paragraph 8 in the Prayer Section of the FAC ("8. For punitive damages

3  in the amount of at least $100,000.").

4     **IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint

5  which addresses the deficiencies discussed in this Order on or before <u>February 22, 2021</u>.

6  **IT IS FURTHER ORDERED** that the Court **VACATES** the hearing on this matter

7  scheduled for February 5, 2021.

8     **IT IS SO ORDERED.**

9

10  Dated:  February 1, 2021

11  Hon. Gonzalo P. Curiel

12  United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6